UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

BRIAN BUTLER,

        Plaintiff,

vs.

RYDER TRUCK RENTAL, INC., *et al.*,

        Defendants.

------------------------------------------------------

Case No. 1:19-cv-876

OPINION & ORDER
[Resolving Doc. 5]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This case concerns an automotive accident.[1] Plaintiff Brian Butler sued in Ohio state court, claiming he suffered property damages, towing and storage expenses, medical expenses, physical pain, mental anguish, emotional distress, and lost wages.[2]

Defendants Ryder Truck Rental, Inc. and David W. Dunn removed here under the Court's diversity jurisdiction.[3] Butler now seeks to remand the case to state court.[4]

The Court has jurisdiction over suits between citizens of different states, where the amount in controversy exceeds $75,000.[5] Here, there is no dispute that the parties are citizens of different states, only whether the amount in controversy is met.[6]

When a case is removed from state court, the Court presumes the plaintiff's claimed damages are correct.[7] However, where the plaintiff seeks indeterminate damages, the defendant may demonstrate by a preponderance of the evidence that the case is worth

---

[1] Doc. 1-1 ¶ 1.
[2] *E.g., id.* ¶ 3.
[3] Doc. 1.
[4] Doc. 5. Defendants oppose. Doc. 6.
[5] 28 U.S.C. § 1332(a)(1).
[6] Doc. 5 at 3 ("Plaintiff concedes that the first element, diversity, likely exists in the instant case.").
[7] *Freeman v. Blue Ridge Paper Prod., Inc.*, 551 F.3d 405, 409 (6th Cir. 2008).

more than $75,000.[8]

Here, Butler seeks "an amount exceeding" $25,000 in compensatory damages and "an amount exceeding" $25,000 in exemplary damages.[9] Thus, the Court presumes the case is worth at least $50,000. Defendants must show the remaining $25,000.01.

They have done so by demonstrating that Plaintiff's compensatory damages greatly exceed $25,000. According to Defendants, discovery reveals $47,694.32 in medical bills alone.[10] That amount would not include Plaintiff's lost wages, property damages, towing expenses, or pain and suffering. And, in the Court's experience, these other damage categories are likely to exceed the $2,305.69 needed to hit the statutory threshold.[11]

Considering Plaintiff's documented medical expenses, his requested punitive damages, and the likely value of his other claimed damages, the Court concludes the amount in controversy exceeds $75,000. Thus, the Court **DENIES** Plaintiff's motion to remand.

IT IS SO ORDERED.

Dated: April 29, 2019            *s/      James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[8] *Halsey v. AGCO Corp.*, 755 F. App'x 524 (6th Cir. 2018); *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016).
[9] Doc. 1-1 at 6.
[10] Doc. 6 at 3.
[11] *See Halsey*, 755 F. App'x at 527–528.