UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
BRIAN BUTLER,                              :
                                           :    Case No. 1:19-cv-00876
        Plaintiff,                 :
                                           :
vs.                                        :    OPINION & ORDER
                                           :    [Resolving Doc. 46]
Ryder Truck Rental, Inc., *et al.*,        :
                                           :
        Defendants.                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 30, 2017, Plaintiff Brian Butler and Defendant David Dunn were involved in a car accident.[1] Plaintiff sues Dunn and the alleged owners of Dunn's vehicle, Ryder Truck Rental, Inc. and Avery Dennison Corporation, for compensation for the property damage, personal injury, and lost wages that resulted from the accident.[2] Trial is scheduled to begin on November 18, 2019.[3]

On July 14, 2017, less than two months after the accident, Plaintiff was involved in an altercation with a police officer at a Save-A-Lot store. Surveillance video captured the incident. Plaintiff asks the Court to exclude from trial three categories of evidence: 1) surveillance video of the July 14, 2017 incident; 2) witness testimony relating to the July 14, 2017 incident; and 3) witness testimony relating to Plaintiff's alcohol or drug problem.[4] For the following reasons, the Court **DENIES** Plaintiff's motion.

I.    **Background**

---

[1] Doc. 17.
[2] *Id.*
[3] Doc. 54.
[4] Defendants stated in their opposition that they do not intend to introduce any evidence that speaks to Plaintiff's alcohol or substance abuse issues. Doc. 52 at 1.

On July 14, 2017, surveillance video footage shows Plaintiff entering a Save-A-Lot store.[5] At his deposition Plaintiff testified that he was there regarding a dispute with a third party over money the Plaintiff claims was owed to him.[6] The video shows Plaintiff entering the store and the police officer immediately approaching the Plaintiff and motioning for him to leave.[7] The Plaintiff does not leave the store and instead approaches the counter.[8] The officer tries to restrain him and Plaintiff runs down some aisles of the store to evade the police officer, knocking over merchandise.[9] As the Plaintiff is running for the entrance, he trips, knocking over another rack of items.[10] The police officer then tries to pin Plaintiff down.[11] Plaintiff frees himself, gets up from the ground, and runs away.[12]

Plaintiff argues that admitting this evidence would be highly prejudicial and that the video is irrelevant.[13]

Defendants argue that the video and testimony concerning the altercation are relevant to their case because they rebut Plaintiff's claims of injury.[14] Defendants say that the video and witness testimony regarding the incident are necessary to rebut Plaintiff's injury claims as it shows him, less than two months after the accident, walking and running without a cane and engaging in a physical fight in which he is able to get away from a police officer.[15]

---

[5] Doc. 46.
[6] Doc. 52-2 at 4.
[7] Doc. 56, Ex. A. The video has no audio.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] Doc. 46.
[14] Doc. 52 at 7.
[15] *Id.*

Case No. 1:19-cv-876
Gwin, J.

Plaintiff also argues that the Defendants have other means of rebutting Plaintiff's claims of injury in the crash, such as the Defendants' medical expert.[16] Both medical experts, according to Plaintiff, would testify that based on the medical records there was no medical order for a cane.[17]

According to Defendants, the video and testimony also speak to damages.[18] Defendants argue that most of Plaintiff's treatments occurred after the fight (five before and twenty-eight after) and the Plaintiff never told his medical providers about the fight.[19]

Finally, Defendants argue that the video can be used to impeach Plaintiff's credibility because during his deposition he made false claims about what actually happened during the altercation by minimizing the incident and saying that the police officer failed to announce himself.[20]

## II. Discussion

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[21]

Both the video and related witness testimony are relevant to the issues in the present case.[22] The video shows Plaintiff's physical state and ability to move around less than two months after the accident. It also shows a physical altercation that may have exacerbated Plaintiff's injuries. The video and witness testimony are therefore relevant in helping the

---

[16] Doc. 57 at 2.
[17] *Id.*
[18] *Id.* at 8.
[19] *Id.* at 5.
[20] *Id.* at 9.
[21] Fed. R. Evid. 403.
[22] Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

trier of fact to ascertain the extent of Plaintiff's injuries and whether all of the injuries claimed were caused by the car accident.

Plaintiff claims that the involvement of a police officer and the fact that criminal charges resulted from the altercation make it too prejudicial to admit at trial.[23] Despite this, Plaintiff agrees that evidence of Plaintiff's felony conviction resulting from the incident is admissible at trial. The video and witness testimony, therefore, are not the sole means by which the trier of fact will find out about the altercation with the police officer.

Additionally, the risk of prejudicing the finder of fact is not so great as to outweigh the probative value of the evidence. The video and testimony are highly relevant to the issues in dispute in the instant matter and will assist the finder of fact in evaluating the extent of Plaintiff's injuries in the weeks after the accident and the extent to which the altercation contributed to his need for further medical treatment.

Finally, Plaintiff argues that Defendants have alternative means of proof to argue the same issues at trial. Plaintiff suggests that both medical experts will testify that Plaintiff was not under a medical order to use the cane and that both will say they cannot explain the symptoms that Plaintiff says necessitated his use of the cane.[24] This argument, however, only addresses one of the relevant facets of the proffered evidence. As discussed earlier, the video is also relevant to whether some of Plaintiff's injuries were caused by the altercation. To the extent the video and testimony contradict Plaintiff's deposition testimony, both also speak to Plaintiff's credibility, a highly relevant issue in this case.

---

[23] Doc. 57.
[24] *Id.* at 2-3.

Case No. 1:19-cv-876
Gwin, J.

The video and testimony are therefore relevant and the probative nature of the evidence is not clearly outweighed by any potential for prejudice. The evidence may be offered at trial.

Plaintiff also requests that the Court exclude evidence regarding his substance or alcohol abuse issues. As the Defendants have represented that they do not intend to offer any evidence of that nature, the Court declines to reach the merits of Plaintiff's request as to that category of evidence.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion in limine to exclude the video and testimony evidence regarding the Save-A-Lot incident. The Court **DENIES** as moot Plaintiff's request to exclude evidence of Plaintiff's substance or alcohol abuse issues without reaching the merits of that portion of the motion.

IT IS SO ORDERED.


Dated: November 5, 2019         *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE