```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
BRIAN BUTLER, et al.,                    :
                                         :   Case No. 1:13-cv-2665
             Plaintiffs,                 :
                                         :
vs.                                      :   OPINION & ORDER
                                         :   [Resolving Doc. 51]
RYDER TRUCK RENTAL, INC., et al.,        :
             Defendants.                 :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 30, 2017, Plaintiff Brian Butler was involved in a vehicular accident with Defendant David Dunn and Avery Dennison Corp.[1] On October 21, 2019, Plaintiff attempted to accept a $20,000 settlement offer that Defendant had made during prior case conferences.[2] Earlier, Plaintiff had rejected the $20,000 offer.

Defendant rejected Plaintiff's attempted acceptance of the earlier $20,000 offer. On October 24, 2019, Plaintiff filed a motion to enforce his reconsidered acceptance of the earlier $20,000 settlement offer.[4] Defendants oppose.[5]

For the reasons stated below, the Court **DENIES** Plaintiff Butler's motion for relief.

## I. Discussion

On October 17, 2019, counsel for Defendants wrote to Plaintiff "to confirm the status of negotiations."[6] Defense Counsel confirmed that Defendants had earlier offered $20,000 to settle all claims, but Plaintiff had rejected that offer and demanded $77,500 instead.[7]

---

[1] Doc. 17.
[2] Doc. 51.
[4] *Id.*
[5] Doc. 55.
[6] Doc. 55-1.
[7] *Id.*

On the same day, Plaintiff's counsel responded, confirming Defendants' description of the negotiations.[8]

Plaintiff argues that Defendant's prior offer to settle for $20,000 was still available because Defendant never explicitly revoked that offer.[9] He thus claims that accepting that offer on October 21, 2019 created a binding settlement.[10]

As a settlement is a contract, the Court applies relevant state contract law when determining whether a settlement is valid.[11] All settlement events occurred in Ohio, thus the Court applies Ohio contract law.

"When an offer is rejected, it ceases to exist, and a subsequent attempted acceptance is inoperative to bind the offeror."[12] "Where a counteroffer is made to an offer of settlement, that counteroffer acts to extinguish all previous offers, and the original offer cannot be accepted at a later date without a clear renewal of that offer."[13]

Here Plaintiff rejected Defendants' $20,000 offer before October 17, 2019.[14] Plaintiff instead made a $77,500 counteroffer.[15] There is no evidence in the record that Defendants renewed their offer of $20,000. Plaintiff cannot then, on October 21, 2019, attempt to accept Defendant's previous offer of $20,000 because that offer no longer exists.[16] Under

---

[8] *Id.*
[9] Doc. 51 at 1.
[10] *Id.*
[11] *See Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992).
[12] *Garrison v. Daytonian Hotel*, 663 N.E.2d 1316, 1318 (Ohio App. 1995).
[13] *Id.* at 1317.
[14] *See* Doc. 55-1.
[15] *Id.*
[16] Garrison, 663 N.E.2d at 1318 ("A rejection is implied in a counteroffer . . . .").

Case No. 1:18-cv-2422
Gwin, J.

Ohio law, when "no valid contract exists, a court may not enforce such a settlement agreement."[17]

## II. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to enforce the settlement.

IT IS SO ORDERED.

Dated: November 8, 2019               *s/       James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[17] *Id.* at 1316.